UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| RAYMOND GAZAILLE, <br> Plaintiff, <br><br> v. <br><br> A&B ANESTHESIA <br> ASSOCIATES, LLC, et al. <br> Defendants. | C. A. No.: 14-140-M-LDA |

ORDER

Plaintiff Raymond Gazaille sued Defendant A&B Anesthesia Associates, LLC ("A&B") and Dr. Abdul Barakat for breach of an employment contract, unpaid wages, and discrimination based on sexual orientation and disability. A&B filed a counterclaim against Mr. Gazaille (ECF No. 2), for breach of contract and defamation among others.

Mr. Gazaille issued a subpoena to non-party Rhode Island Department of Health – Board of Medical Licensure & Discipline ("Board"). A&B and Dr. Barakat filed a Motion to Quash the subpoena. ECF No. 56.

The Board investigates complaints against physicians. Rhode Island General Law states such "[i]nvestigations shall remain confidential and all initial hearings, investigatory hearings, and full hearings before the board shall remain confidential." R.I.G.L. §5-37-5.2 (d). However, the statute does not give a privilege. *See Pastore v. Samson*, 900 A.2d 1067, 1087 (R.I. 2006). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R.

Civ. P. 26 (b)(1). In this case, relevance is the controlling factor in deciding this motion to quash.

The Court believes that the Board should produce certain relevant materials and not other materials. First, the Board should produce all information regarding "Complaint Number C11-866." Complaint Number C11-866 is a complaint against these Defendants by another person alleging falsification of records by the Defendants. Complaint Number C11-866 may be relevant to the counter-claims that A&B and Dr. Barakat make against Mr. Gazaille. A&B and Dr. Barakat in their counter-claim against Mr. Gazaille assert that he intentionally falsified medical records. Dr. Barakat testified that Mr. Gazaille engaged in professional misconduct by falsifying medical records. Barakat Dep. 303:25 - 304:5. Complaint Number C11-866 is therefore relevant and discoverable because it has the potential of establishing a pattern of behavior by Dr. Barakat of blaming other employees for medical recordkeeping errors. "Any and all documents, communications, reports, notes, applications, opinions, investigative materials, reprimands, suspensions, consent orders, transcript of hearings, etc." related to Complaint Number C11-866 are discoverable and not privileged. Documents relating to Complaint Number C11-886 are neither "protected matter" nor "privileged." Fed. R. Civ. P. 45 (d)(3)(A)(iii).

The Board need not produce any other documents. There is no showing that any of these materials is relevant to any claim or defense in this case. These materials would involve Dr. Barakat's highly personal information and patients' confidential information. Allowing disclosure of Dr. Barakat's and his patients'

confidential information would cause an "undue burden." *See* Fed. R. Civ. P. 45 (d)(3)(A)(iv). Moreover, the request (beyond Complaint C11-886) is overly broad.

Defendants' Motion to Quash (ECF No. 56) is DENIED in part and GRANTED in part. The Board shall produce the requested materials as to Complaint C11-886. Requests for all other materials are quashed.


IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 20, 2016